UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
MICHAEL ADAM ASSENBERG,            )   No. C06-0987RSL
                                   )
                    Plaintiff,     )
         v.                        )   ORDER DENYING MOTION TO RECUSE
                                   )   AND REFERRING MATTER TO THE
THERESA McCULLUM, *et al.*,        )   HONORABLE MARSHA J. PECHMAN
                                   )   FOR REVIEW
                    Defendants.    )
_____)

This matter comes before the Court on plaintiff Michael Adam Assenberg's letter dated July 27, 2006. Dkt. # 6. Plaintiff objects to the transfer of the above-captioned case from the Honorable John C. Coughenour to the undersigned. Dkt. # 2. In this district, cases that involve the same controversy, flow directly from a case that has already been decided, or are otherwise "related" are generally handled by a single judicial officer to promote the efficient and consistent resolution of the entire dispute. When a new case is filed, court staff review the complaint to ensure that the court has jurisdiction and to identify any related cases. If a related case is found, the judge who handled the original action is notified and both complaints are reviewed to determine whether the issues or relief sought are so similar that the original judicial officer should preside over both cases. In this case, the review showed that a significant portion of plaintiff's new complaint is based on his alleged right to use medical marijuana in federally subsidized housing, an issue that was fully litigated in another case before the undersigned. See

ORDER

Assenberg v. Anacortes Hous. Auth., C05-1836RSL. The Court therefore found that the cases are related and the above-captioned matter was transferred to the undersigned.

To the extent plaintiff is requesting that the undersigned recuse himself because he "will not be a fair judge in this matter," (Dkt. #6), the Court construes plaintiff's July 27, 2006, letter as a motion to recuse. Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: **"**Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff has not identified any extrajudicial source of the alleged prejudice. The only evidence of bias suggested by plaintiff is the fact that his prior claims were dismissed by

ORDER                                                                                   -2-

the undersigned on summary judgment. See Assenberg v. Anacortes Hous. Auth., C05-1836RSL (Dkt. # 38). Other than his assertion that the summary judgment ruling was "dumb," plaintiff does not attempt to show that the prior decision was legally or factually incorrect – he simply disagrees with the Court's legal conclusions and would therefore like another judge to hear the same issues under a new cause number. Judicial decisions made during the course of litigation are rarely an adequate basis for a motion to recuse. The losing party often disagrees with the judge's ruling, but cannot use the recusal process for a strategic purpose or to "judge shop." See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).[1] Although an adverse decision may, in limited circumstances, give rise to an inference of bias if it is so arbitrary that the motives of the judicial officer could rightly be questioned, there is no basis for such an inference here.

Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias. Having reviewed plaintiff's letter and the remainder of the record in C05-1836, the Court finds that his impartiality cannot reasonably be questioned despite the fact that he dismissed plaintiff's prior complaint. There being no evidence of bias or prejudice, the undersigned declines to recuse himself from this matter.

---

[1] Objections to an adverse decision must be raised through an appeal, not a second complaint or a motion to recuse. Plaintiff has filed an appeal with the Ninth Circuit in C05-1836.

1  Pursuant to Local General Rule 8(c), this matter is hereby referred to the
2  Honorable Marsha J. Pechman for review.

  DATED this 7th day of August, 2006.

  */s/ Robert S. Lasnik*
  Robert S. Lasnik
  United States District Judge