UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL ADAM ASSENBERG,

    Plaintiff,

  v.

THERESA McCULLUM, et al.,

    Defendants.

No. C06-987RSL

ORDER

      This matter comes before the Court under Local General Rule 8(c). Plaintiff has submitted a letter that may be construed as a motion to recuse Chief Judge Robert S. Lasnik from this case. (Dkt. No. 6). Judge Lasnik has declined to recuse himself and has referred this motion to the undersigned for review. Having reviewed Plaintiff's motion and the balance of the records in this case and in case number C05-1836RSL, the Court DENIES Plaintiff's motion for the reasons stated below.

      As Judge Lasnik noted in declining to recuse himself from this matter, a judge must disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned. See 28 U.S.C. § 455; see also 28 U.S.C. § 144 (permitting a party to submit an affidavit alleging bias or prejudice against him or in favor of an adverse party). Plaintiff suggests that Judge Lasnik "will not be a fair judge in this matter" and would have a conflict of interest, apparently due to the fact that

ORDER - 1

Judge Lasnik granted summary judgment against Plaintiff in Assenberg v. Anacortes Housing Authority, C05-1836RSL, a previous case filed by Plaintiff in this Court.

In determining whether a judge must recuse himself or herself from a case, the test is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983).  The Supreme Court has noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also Clemens v. United States Dist. Court for the Central Dist. of California, 428 F.3d 1175, 1178-79 (9th Cir. 2005) (noting that the fact that a judge issued adverse rulings against a party in another proceeding is not ordinarily sufficient to require recusal).  The Supreme Court has also held that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

Having reviewed the records from Assenberg v. Anacortes Housing Authority, the Court finds no basis to conclude that recusal is warranted in this case.  Although Judge Lasnik granted summary judgment against Plaintiff in the prior case, nothing in the record suggests that Judge Lasnik based his decision on anything other than his analysis of the facts and legal precedent.  The ruling does not reflect antagonism toward Plaintiff, favoritism toward the Defendant, or reliance on extrajudicial sources.  It should also be noted that Judge Lasnik issued favorable rulings for Plaintiff before and after ruling on the summary judgment motion, including: (1) issuing a *sua sponte* order referring Plaintiff's case to the Screening Committee of this Court's pro bono panel, which resulted in the appointment of pro bono counsel for Plaintiff; (2) granting Plaintiff a significant extension of time to respond to the summary judgment motion; and (3) granting Plaintiff leave to proceed *in forma pauperis* on appeal.

In sum, there is no basis for the Court to find that a reasonable person with knowledge of all the facts would conclude that Judge Lasnik's impartiality in this matter might reasonably be questioned. Therefore, Plaintiff's motion to recuse Judge Lasnik from this matter is DENIED.

The clerk is directed to provide copies of this order to plaintiff and to Judge Lasnik.

Dated:   August 18, 2006.

                                             s/Marsha J. Pechman
                                             Marsha J. Pechman
                                             United States District Judge