1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

MICHAEL ADAM ASSENBERG,

9

Plaintiff,

10

v.

11

THERESA McCULLUM, *et al.*,

12

Defendants.

13

Case No.  C06-987RSL

ORDER DENYING MOTION
TO AMEND COMPLAINT;
ORDER OF DISMISSAL

14

15    This matter comes before the Court on plaintiff's motion to amend his complaint

16  (Dkt. #11) and on the Court's order to show cause (Dkt. #5, the "Order").  Plaintiff

17  Michael Assenberg, who is proceeding *pro se*, has filed his complaint against Theresa

18  McCullum, the Executive Director of the Anacortes Housing Authority ("AHA"); the

19  State of Washington; the United States Department of Justice (the "DOJ"); the Food and

20  Drug Administration (the "FDA"); and "Washington State HUD."  On August 1, 2006,

21  the Court issued the Order identifying numerous deficiencies in plaintiff's complaint and

22  ordering him to file an amended complaint within 30 days or face dismissal.  Plaintiff

23  subsequently filed a motion to recuse and a motion to appoint counsel.  Those motions

24  were denied.  The Court now considers its order to show cause and plaintiff's motion to

25

26  ORDER DENYING MOTION TO AMEND
COMPLAINT; ORDER OF DISMISSAL - 1

1  amend his complaint.[1]

2     Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P.

3  15(a).  The Court should consider four factors in deciding whether to grant leave to

4  amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of

5  amendment."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  A proposed

6  amendment is futile if it could be defeated by a motion to dismiss or if plaintiff cannot

7  prevail on the merits.  See, e.g., Smith v. Commanding Officer, 555 F.2d 234, 235 (9th

8  Cir. 1977).

9     In this case, amendment would be futile because the proposed amended complaint

10 does not cure the deficiencies previously identified by the Court.  Plaintiff continues to

11 assert claims that he brought, and the Court dismissed, in his prior lawsuit.  Assenberg v.

12 Anacortes Housing Authority, C05-1836 (W.D. Wash. 2005) ("Assenberg I").  Plaintiff's

13 allegations of constitutional violations are based on his assertion that the state's medical

14 marijuana law grants him an unfettered right to use marijuana in federally subsidized

15 housing; the Court rejected that claim in Assenberg I.  Plaintiff is barred from relitigating

16 those issues and claims.

17    The Order also noted that plaintiff had not shown a basis for this Court's

18 jurisdiction over his purely state law claims against Theresa McCullum.[2]  Plaintiff's

19 amended complaint does not assert any federal claims against her.  In the Order, the

20 _____

21    [1] The Court has also considered plaintiff's "answer to the court" and plaintiff's
   "amended info for the Court to take notice."

22    [2] McCullum has filed a "Memorandum in Support of Court's Order to Show
23 Cause" in which she requests that the Court exercise supplemental jurisdiction over the
   state law claims against her and dismiss them with prejudice.  The Court declines to do so
24 because McCullum did not file her request as a motion and plaintiff did not have an
   opportunity to respond to it.
25

26 ORDER DENYING MOTION TO AMEND
   COMPLAINT; ORDER OF DISMISSAL - 2

1  Court also explained that "[p]laintiff's allegation of sex discrimination appears based on

2  the conduct of third parties, not of Ms. McCullum."  In response, the amended complaint

3  states that McCullum engaged in slander by informing AHA's attorneys that plaintiff was

4  "born both genders."  Plaintiff, however, does not allege that the statement was false, and

5  he has included the information himself in public filings before this Court.

6          Similarly, although the Order notified plaintiff that Washington state and its

7  agencies are immune from suit under the Eleventh Amendment, plaintiff does not allege

8  any basis for overcoming that immunity.  The amended complaint also did not address the

9  Order's statement that even if immunity did not apply, "Washington State HUD" does not

10 appear to exist as an entity.

11         Plaintiff's amended complaint contains new allegations against the DOJ based on

12 his mistaken belief that it employs this Court and "State Judge Meyers" (collectively, the

13 "judges").  Plaintiff alleges that the judges violated his due process rights as well as his

14 rights under the 4th, 8th, and 10th Amendments.  Even if the DOJ employed the judges, it

15 is immune from suit for money damages under the doctrine of sovereign immunity.

16 Plaintiff has not named the judges as defendants, and even if he had, they are entitled to

17 judicial immunity.  See, e.g., Mirles v. Waco, 502 U.S. 9, 11-12 (1991) (explaining that

18 judges are absolutely immune from civil damages liability for acts performed in their

19 judicial capacities).

20         Finally, plaintiff's amended complaint alleges that the FDA's recently released

21 statement on the lack of medicinal properties of marijuana is a "GROSS misuse of federal

22 power."  Amended Complaint at p. 2.  Like the DOJ, however, sovereign immunity

23 protects the FDA from a suit for damages.  Plaintiff has not asserted any basis for a

24 waiver of sovereign immunity in this case.  Plaintiff also seeks injunctive relief "stopping

25

26 ORDER DENYING MOTION TO AMEND
   COMPLAINT; ORDER OF DISMISSAL - 3

1   the FDA from allowing the Sick a right to access of Medication that works." Amended

2   Complaint at p. 5. That request is apparently based on plaintiff's allegation that the

3   "FDA is Violating their own guidelines when it comes to listing Marijuana as a Class I

4   drug." Id. However, as the Court noted in the Order, marijuana is classified as a

5   Schedule I drug in the Controlled Substances Act, 21 U.S.C. § 812, and the FDA is not

6   responsible for its classification or for enforcement of the Act.

7          Although plaintiff's amended complaint is fatally deficient, he is not without a

8   remedy. Plaintiff can pursue his allegations regarding this Court's dismissal of

9   Assenberg I in his appeal currently pending before the Ninth Circuit Court of Appeals.

10          Accordingly, for all of the foregoing reasons, plaintiff's motion to amend his

11   complaint (Dkt. #11) is DENIED and this action is DISMISSED.

12

13          DATED this 2nd day of October, 2006.

14

15

16                                      Robert S. Lasnik
                                        United States District Judge
17

18

19

20

21

22

23

24

25

26   ORDER DENYING MOTION TO AMEND
     COMPLAINT; ORDER OF DISMISSAL - 4